2011 UT App 117

**STATE of Utah, Plaintiff and Appellee,**

v.

**Joshua Jay BUSBY, Defendant and Appellant.**

No. 20110032–CA.

Court of Appeals of Utah.

April 14, 2011.

Samuel P. Newton, Ogden, for Appellant.

Mark L. Shurtleff and Marian Decker, Salt Lake City, for Appellee.

Before Judges ORME, THORNE, and CHRISTIANSEN.

DECISION

PER CURIAM:

¶ 1 Joshua Jay Busby appeals from his sentence, judgment, and order of commitment, entered on December 30, 2010. This matter is before the court on its sua sponte motion for summary disposition due to lack of jurisdiction. We dismiss the appeal for lack or jurisdiction.

¶ 2 Busby filed a motion to suppress certain evidence. This motion was denied on November 1, 2010. On November 23, 2010, Busby entered into a plea agreement with the State. Busby never filed a motion to withdraw his plea prior to sentencing. On appeal, Busby argues that his trial attorney was ineffective because the attorney failed to preserve the suppression issue for appeal by failing to pursue a *Sery* plea. *See generally State v. Sery*, 758 P.2d 935 (Utah Ct.App. 1988).

¶ 3 In order to challenge the validity of a guilty plea, a defendant must file a motion to withdraw his plea before the sentence is announced. *See* Utah Code Ann. § 77–13–6(2)(b) (2008); *State v. Merrill*, 2005 UT 34, ¶¶ 13–20, 114 P.3d 585. Absent a timely filed motion to withdraw a guilty plea, this court does not have jurisdiction over a direct ap-

peal to review the validity of the plea. *See Merrill*, 2005 UT 34, ¶¶ 13–20, 114 P.3d 585; *see also* Utah Code Ann. § 77–13–6(2)(c) ("Any challenge to a guilty plea not made within the time period specified in Subsection (2)(b) shall be pursued under Title 78B, Chapter 9, Post–Conviction Remedies Act, and Rule 65C, Utah Rules of Civil Procedure."). This jurisdictional bar extends to claims concerning the effectiveness of counsel. *See State v. Rhinehart*, 2007 UT 61, ¶ 14, 167 P.3d 1046.

¶ 4 Busby has set forth only one issue on appeal, i.e., "whether defense counsel ineffectively failed to preserve the motion to suppress by comporting the plea with the requirements of *State v. Sery*." Such an issue relates to the validity of the plea. Because Busby never filed a motion to withdraw his plea prior to sentencing, this court lacks jurisdiction to review the issue and has no choice but to dismiss the appeal. *See Merrill*, 2005 UT 34, ¶ 20, 114 P.3d 585. If Busby seeks to challenge the validity of his plea he must do so pursuant to Utah Code section 77–13–6(2)(c).

¶ 5 Accordingly, we dismiss the appeal.